Donald H. WHITT, Plaintiff,

v.

PHILADELPHIA AMERICAN LIFE INSURANCE COMPANY, Defendant.

Civ. A. No. H–90–2802.

United States District Court, S.D. Texas.

May 10, 1991.

Terry B. Jessee, Houston, Tex., for plaintiff.

Glenn J. Fahl, Houston, Tex., for defendant.

## OPINION ON SUMMARY JUDGMENT

HUGHES, District Judge.

Donald H. Whitt worked for the Hermann Hospital. After he was injured on the job, Whitt recovered worker's compensation benefits of about $15,000 from Wausau Insurance Company. In addition to the worker's compensation, the hospital furnished Whitt a disability income policy from Philadelphia American Insurance Company. The supplementary policy guaranteed that Whitt would have a monthly income of $2,500, including all of his other sources of income. The Philadelphia policy was an excess coverage because the company agreed to pay only the difference between the individual's other benefits and the upper limit of $2,500.

Later, Whitt sued Elliott–Wood Electric Company for his injury on the job. Whitt settled with Elliott–Wood for $100,000. Under Texas law, Wausau had a statutory lien on the proceeds of Whitt's third-party claim for the compensation benefits it had paid. In settling with Elliott–Wood, Whitt also settled Wausau's lien of $15,000 for a payment of $10,000. Now, Whitt has sued Philadelphia for that $10,000 under the disability income policy.

Whitt's theory is that, because Wausau recouped two-thirds of its payments to him, Philadelphia must make up this difference. Whitt wants the $10,000 to be treated as if Wausau had originally never paid that much in benefits, raising Philadelphia's liability by an equal amount. The Philadelphia policy mentions neither the recovery from third parties nor the repayment of primary coverage. The policy also does not give Philadelphia a right to be subrogated to Whitt's claims against third parties or primary carriers.

The benefits under the compensation statute are paid under the condition that reimbursement is required if the worker establishes the liability of a third party and recovers. The agreement the supplementary carrier made was to add to the benefits Whitt *received* during his disability to make his receipts equal $2,500. The disability insurance company has no part of the later recovery, but it has no expansion of its coverage because of the worker's good fortune in a later recovery.

The insurance company is not liable to increase its disbursement to Whitt because (a) the compensation benefits were received by Whitt and (b) Whitt only had to reimburse Wausau from a fund that was not included in the calculation of the amount due under its policy. If the repayment to the compensation carrier increases the supplementary income benefit, the company issuing the income disability policy would be allowed to include the whole recovery from the third party before its supplementary coverage begins.

The calculation for the supplementary benefits is the difference between (a) the benefits received from the sources named in the policy and (b) the face amount of the policy, irrespective of potential or actual

recoupment of benefits by the primary insurers.